**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **IBN YOUNG (PLAYA FLY),**  ) | |
| ) | |
| **Plaintiff,**  ) | |
| ) | **Case No. _____** |
| **v.**  ) | |
| ) | **JURY DEMANDED** |
| ) | |
| **THE ORCHARD ENTERPRISES, INC.,**  ) | |
| **SELECT-O-HITS,**  ) | |
| **WIGGINS MEDIA GROUP WORLDWIDE,**  ) | |
| **MDI,**  ) | |
| **404 MUSIC GROUP, INC.,**  ) | |
| **NINA K. EASTON,**  ) | |
| **LAURA MONTGOMERY,**  ) | |
| **& THOMAS NORRIS**  ) | |
| ) | |
| ) | |
| **Defendants.**  ) | |

**COMPLAINT**

Plaintiff Ibn Young, also known as "Playa Fly" (hereinafter "Plaintiff"), by and through

counsel, hereby alleges the following:

**<u>Nature of Case</u>**

1.  Plaintiff owns the entirety of his musical catalog and has the exclusive right to use his

    musical catalog, both in reference to musical composition and sound recordings.

2.  Defendants wrongfully and unlawfully utilized Plaintiff's copyright protected

    material through actions and/or omissions on the part of the Defendants.

3.  Due to the utilization of Plaintiff's copyright, Defendants have received profits and

    revenues from consumers throughout multiple countries, including the United States.

4. Defendants have been notified, through Plaintiff and his counsel, of the wrongful

   utilization of Plaintiff's copyrighted material on multiple occasions.

5. Plaintiff's counsel alerted Defendants through multiple communications, including

   written letters and electronic mail.

6. Despite these notices and Defendants actual knowledge of the repeat infringements of

   Plaintiff's musical composition and sound recordings, Defendants have continued to

   release to the public material that directly infringes upon Plaintiff's rights.

**Jurisdiction and Venue**

7. This is a civil action seeking damages and injunctive relief for copyright infringement

   under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal

   question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

9. This Court has personal jurisdiction over Defendant The Orchard Enterprises, Inc.

   (hereinafter "Orchard") because Orchard resides in and/or does systematic and

   continuous business in Tennessee and throughout the rest of the United States.

   Orchard has a principal place of business in the United States located at 23 E 4th St Fl

   3, New York, NY 10003-7023.

10. This Court has personal jurisdiction over Defendant Select-O-Hits because Select-O-

    Hits resides in and/or does systematic and continuous business in Tennessee and

    throughout the rest of the United States. Select-O-Hits has a principal place of

    business in the United States located at 1981 Fletcher Creek Dr., Memphis, TN,

    38133-7057.

11. This Court has personal jurisdiction over Defendant Wiggins Media Group (hereinafter "Wiggins") because Wiggins resides in and/or does systematic and continuous business in Pennsylvania and throughout the rest of the United States. Wiggins has a principal place of business in the United States located at 2600 Route 940 Pocono Summit, PA 18346.

12. This Court has personal jurisdiction over Defendant MDI because MDI resides in and/or does systematic and continuous business in California and throughout the rest of the United States. MDI has a principal place of business in the United States located at 837 Manzanita Dr, Laguna Beach, CA 92651.

13. This Court has personal jurisdiction over Defendant 404 Music Group (hereinafter "404") because 404 resides in and/or does systematic and continuous business in Georgia and throughout the rest of the United States. 404 has a principal place of business in the United States located at 510 Edgewood Ave. NE, Suite 1, Atlanta, GA 30312.

14. This Court has personal jurisdiction over Defendant Nina K. Easton (hereinafter "Easton") because Easton resides in and/or does systematic and continuous business in California and throughout the rest of the United States.

15. This Court has personal jurisdiction over Defendant Laura Montgomery (hereinafter "Montgomery") because Montgomery resides in and/or does systematic and continuous business in California and throughout the rest of the United States.

16. This Court has personal jurisdiction over Defendant Thomas Norris (hereinafter "Norris") because Norris resides in and/or does systematic and continuous business in California and throughout the rest of the United States.

17. Venue is proper under 28 U.S.C. § 1391(b)-(c), and/or 28 U.S.C. § 1400(a).

## The Parties

18. Plaintiff is an individual with a residential address in Memphis, Tennessee.

19. Plaintiff is engaged in the business of creating and distributing musical works, both in an individual capacity and in joint musical work production.

20. Upon information and belief, Defendant Orchard is a US-based corporation engaged in the business of distributing musical works.

21. Upon information and belief, Defendant Select-O-Hits is a US-based corporation engaged in the business of facilitating the distribution of musical works.

22. Upon information and belief, Defendant Wiggins is a US-based corporation engaged in the business of facilitating the distribution of musical works.

23. Upon information and belief, Defendant MDI is a US-based corporation engaged in the business of facilitating the distribution of musical works.

24. Upon information and belief, Defendant 404 is a US-based corporation engaged in the business of facilitating the distribution of musical works.

25. Upon information and belief, Defendant Easton is a US-based individual and the owner of Defendant 404.

26. Upon information and belief, Defendant Montgomery is a US-based individual affiliated with Defendant MDI.

27. Upon information and belief, Defendant Norris is a US-based individual affiliated with Defendant MDI.

## Factual Background

28. Plaintiff is a well-established musical artist, known artistically as "Playa Fly", who has been producing and performing in the music industry since the early 1990's.

29. Plaintiff recorded three albums with Super Sigg Records from 1996 to 1999 before creating his own label, Minnie Mae Muzik, and all rights reverted to Plaintiff in 1999.

30. Plaintiff recorded the album, "Just Gettin' It On" in 1995 and signed a distribution deal with Defendant 404 and MDI.  The distribution deal ended approx. 1.5 years later and all rights reverted to Plaintiff.

31. The albums in question are "Movin' On", "Da Game Owe Me", "Fly Shit" and "Just Gettin' It On."

32. The albums in question consisted of 51 copyrighted songs over four albums.  Proof of Plaintiff's ownership of the 51 songs and albums is attached as Exhibit A.

33. Plaintiff owns the exclusive rights to the entirety of his musical catalog and has utilized distribution companies like Defendants for digital music distribution services during his career.

34. Since 2010, Defendants have infringed on Plaintiff's exclusive rights concerning fifty-one songs over the four albums originally released by Super Sigg Records and 401/MDI.

35. Since 2010, Defendants have exploited Plaintiff's exclusive copyrights and digital distribution rights for his fifty-one songs over four albums including "Movin' On", "Da Game Owe Me", "Fly Shit", and "Just Gettin' It On."

36. Since 2010, Plaintiff has not received compensation for his physical and digital distribution rights for his copyrighted fifty-one songs over four albums including "Movin' On", "Da Game Owe Me", "Fly Shit", and "Just Gettin' It On" even though Plaintiff had significant commercial success on such songs and albums prior to Defendants' unauthorized actions.

37. Defendants, working together, continuously misled, made misrepresentations and concealed the income received from their exploitations from Plaintiff's copyrighted materials.

38. In May 2019, Plaintiff's previous counsel engaged with Ben Wexler and Tucker McCrady from Defendant Orchard regarding Orchard's misuse of Plaintiff's works.

39. In June 2019, the representatives of Orchard indicated that this dispute would also likely involve Defendants MDI and Wiggins, and appeared to be basing its claims to Plaintiff's work on a supposed understanding with Super Sigg Records, who Orchard claims owned the rights to the master recordings at the time.

40. In July 2019, Plaintiff's previous counsel engaged with Johnny Phillips from Defendant Select-O-Hits regarding the use of Plaintiff's work.

41. Defendant Select-O-Hits appeared to be basing its claims to Plaintiffs work on a supposed understanding with Super Sigg Records, who Select-O-Hits claims owned the rights to the master recordings at the time.

42. Prior counsel requested documentation of an agreement of this nature, but no proof, documents or accounts were ever provided.

43. In 2017, Defendant Montgomery, acting on behalf of Defendant MDI, reached out to Plaintiff regarding MDI's use of Plaintiff's works.

44. Defendant Montgomery claimed that Plaintiff sold the master copies of the works in question to MDI at a prior time and would present documents as evidence.

45. Defendant Montgomery later admitted that the master copies were never sold to Defendant MDI and also admitted that MDI may have misrepresented its use of Plaintiff's work and fraudulently conducting business for MDI's benefit at Plaintiff's expense.

46. Defendants failed to comply with Plaintiff's demands for a cessation of all use of Plaintiff's intellectual property and an accounting of Defendants' revenues and profits.

47. Therefore, based upon the above-mentioned actions, it is clear that the Defendants have stolen and infringed on multiple occasions, committed fraud, and continue to steal and infringe upon Plaintiff's protected copyrights to their benefit and Plaintiff's extreme financial detriment.

**Claim for Relief**

**Count I – Direct Infringement of Copyright**

48. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 47, inclusive.

49. The copyrighted works are directly infringed each time Defendants produce, advertise, and distribute any other musical work utilizing elements of Plaintiff's work.  By producing, advertising, and distributing these products, Defendants have, and continue to, materially contribute to the unlawful reproduction of Plaintiff's registered copyright.

50. Defendants have been provided actual and direct knowledge of Plaintiff's copyrighted works and have directly infringed upon such copyright.

51. Defendants have engaged in the repetitive infringement actions by gaining knowledge of such infringement on multiple occasions and then continuing to produce, advertise, and distribute musical works that utilize elements contained in Plaintiff's protected works. Upon information and belief, and based on the recurring actions of the Defendants, Defendants have refused to cease production of musical works utilizing protected elements, despite copyright notice.

52. Defendants have not acted reasonably or in good faith in response to Plaintiff's notices of infringement and repeat infringement.

53. Defendants' acts of infringement have been willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

54. As a direct and proximate result of Defendants' infringements of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement.

55. Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

56. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

57. Defendants' conduct is causing and, unless enjoined and restrained by this Honorable Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further contributory infringements of Plaintiff's copyright.

## Count II – Fraud

58. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 57, inclusive.

59. Defendants made false representations to public persons and companies, as well as private persons and companies, regarding their alleged ownership, license and distribution rights for copyrights held exclusively and solely by Plaintiff.

60. Defendants' representation of false facts were material regarding compensatory gain for the Defendants through their wrongful identification and use of Plaintiffs' copyrights.

61. At all times relevant, the Defendants knew of the falsity of all representations made regarding Plaintiff's copyrights and Defendants inappropriate ownership, license or distribution rights (or lack thereof) for Plaintiff's copyrights.

62. Due to the fraudulent actions of the Defendants in purposefully misrepresenting the ownership of Plaintiff's copyrights, Plaintiff has been economically injured in an amount of be proven at trial.

## Count III – Conspiracy to Commit Fraud

63. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 62, inclusive.

64. The Defendants, through their improper and unlawful actions, expressly and/or impliedly through their mutual knowledge entered into an agreement to wrongfully use Plaintiff's exclusive copyrighted work for their collective economic benefit.

9

65. Defendants knew of Plaintiff's exclusive copyrights at the time of their improper use, and therefor knew that they were making an agreement to fraudulently deprive the Plaintiff of economic advantage through their collective unlawful use of Plaintiff's copyright.

66. Each and every act taken in using Plaintiff's exclusive copyrights, by the Defendants, was done in furtherance of their fraudulent agreement to collectively benefit and profit from Plaintiff's exclusive copyrights.

67. As a result of Defendants improper and unlawful actions in using Plaintiff's exclusive copyrights, Plaintiff has been severely economically damaged in an amount to be proven at trial.

### **Prayer for Relief**

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

a.  For entry of judgment against Defendants for all damages to which Plaintiff may be entitled, including Defendants' profits and for damages in an amount as may be proven at trial.  Alternatively, at Plaintiff's election, for the maximum damages amount allowed by law for all individual copyright infringements involved in this action with respect to any one work, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

b.  For a permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from (a) directly or indirectly infringing in any manner any of Plaintiff's respective copyrights or other exclusive rights under copyright", and (b) causing, contributing to, enabling,

facilitating or participating in the infringement of any of Plaintiff's respective

copyrights or other exclusive rights (whether now in existence or hereafter created),

including without limitation, copyrights or exclusive rights under copyright or other

such works.

c.  For prejudgment and post-judgment interest according to law;

d.  For Plaintiffs' attorneys' fees, and full costs and disbursements in the action;

e.  That the Plaintiff be allowed to amend his *ad damnum;* and

f.  For such other and further relief as the Court may deem proper and just.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury for all

issues triable by right of jury.


RESPECTFULLY SUBMITTED this the 24th day of May, 2021.



s/ William A. Wooten
William A. Wooten (BPR #026674)
WOOTEN LAW OFFICE
*Attorney for Plaintiff*
120 Court Square East
Covington, Tennessee 38019
(901) 475-1050
(901) 234-0028/facsimile
William@wootenlawoffice.com


I acknowledge myself as surety for the costs of this cause not to exceed One Thousand
Dollars ($1,000.00).

s/ William A. Wooten
WOOTEN LAW OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **IBN YOUNG (PLAYA FLY),** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | )   **Case No.** _____ |
| **v.** | )   **JURY DEMANDED** |
| | ) |
| **THE ORCHARD ENTERPRISES, INC.** | ) |
| **SELECT-O-HITS** | ) |
| **WIGGINS MEDIA GROUP WORLDWIDE** | ) |
| **MDI** | ) |
| **404 MUSIC GROUP, INC.** | ) |
| **NINA K. EASTON** | ) |
| **LAURA MONTGOMERY** | ) |
| **& THOMAS NORRIS** | ) |
| | ) |
| | ) |
|     **Defendants.** | ) |

**EXHIBIT A**